United States District Court
Southern District of Texas
**ENTERED**
March 15, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNDRICK PLUMBER,<br>TDCJ #1758129,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STATE OF TEXAS BOARD OF PARDONS<br>AND PAROLES, et al.,<br><br>　　　　Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. H-21-3824 |

## MEMORANDUM OPINION AND ORDER

State inmate Johndrick Plumber (TDCJ #1758129) has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), alleging that his parole was revoked improperly. Because Plumber is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the Complaint and dismiss the case if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings and the applicable law, the court concludes that this case must be dismissed for the reasons explained below.

## I. **Background**

Plumber is currently incarcerated by the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") at the Garza West Unit.[1] Public records reflect that Plumber is in custody as the result of a state court conviction from Harris County, Texas, for aggravated robbery with a deadly weapon in Case No. 1265672.[2] Plumber received a 15-year prison sentence in that case on December 15, 2011.[3]

Plumber has now filed this action under 42 U.S.C. § 1983 against the State of Texas Board of Pardons and Paroles (the "Parole Board") for violating his civil rights in connection with the revocation of his supervised release on parole and his subsequent return to prison.[4] He also sues three parole officials

---

[1] See Complaint, Docket Entry No. 1, p. 1. For purposes of identification all page numbers reference the pagination imprinted on each docket entry by the court's electronic case filing system, ECF.

[2] See Texas Department of Criminal Justice Offender Information, available at: https://inmate.tdcj.texas.gov (last visited March 15, 2022).

[3] See id.

[4] Complaint, Docket Entry No. 1, p. 1. Plumber does not indicate when he was released from prison on parole or when his supervised release was revoked. Public records from his underlying aggravated robbery conviction reflect that a warrant or citation was issued by the Parole Board on May 20, 2021, and it appears that his parole was revoked after Plumber was charged with assault involving family violence on July 24, 2021. See Docket Sheet for Case No. 1265672, available at: Office of the Harris County
(continued...)

located in Houston: Obubukole Oyetinji; Yolanda Leday; and Jason Swindle.[5] Plumber contends that his parole was wrongfully revoked based on a "fake police report" after a woman he was in a relationship with told police that he hit her.[6] Arguing that he was denied a "fair trial" during his revocation proceeding, Plumber seeks his release from prison.[7] He also appears to seek compensatory damages for his "pain [and] suffering."[8]

## II. Discussion

Plumber's allegations, which call into question the validity of a parole revocation proceeding, fail to state a claim under 42 U.S.C. § 1983. In Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994), the Supreme Court held that a civil rights plaintiff cannot obtain money damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order,

---

[4](...continued)
District Clerk, https://hcdistrictclerk.com (last visited March 15, 2022).

[5]Complaint, Docket Entry No. 1, p. 3.

[6]Id. at 4.

[7]Id.

[8]Id.

declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." The rule in Heck applies to complaints about the fact or duration of parole. See Littles v. Board of Pardons and Paroles Division, 68 F.3d 122, 123 (5th Cir. 1995); see also Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995). The rule also applies to claims for declaratory or injunctive relief that would imply the invalidity of a prisoner's continued confinement. See Clarke v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc).

The Supreme Court has explained that a civil rights action pursuant to 42 U.S.C. § 1983 must yield to the more specific remedy found in the federal habeas corpus statutes, which include procedural and exhaustion requirements, when an inmate seeks injunctive relief that challenges the fact or duration of his confinement. See Nelson v. Campbell, 124 S. Ct. 2117, 2122 (2004) (citing Preiser v. Rodriguez, 93 S. Ct. 1827, 1836 (1973)). The Supreme Court has emphasized that prisoners must raise their claims in a habeas corpus proceeding if "they seek to invalidate the duration of their confinement — either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 125 S. Ct. 1242, 1247 (2005) (emphasis in original). "[A] state prisoner's § 1983 action

is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id.

Because Plumber's claims necessarily seek to invalidate a particular decision that resulted in the revocation of his parole, calling into question the lawfulness of his continued confinement, his claims are barred from review under 42 U.S.C. § 1983 absent a showing that the decision has been invalidated or set aside. See McGrew v. Texas Bd. of Pardons and Paroles, 47 F.3d 158, 161 (5th Cir. 1995); Asif v. Scott, 244 F.3d 135, 2000 WL 1901547, at *1 (5th Cir. 2000) (unpublished). There is no record showing that Plumber has challenged his parole revocation in state court or that the Parole Board's decision has been set aside. Because Plumber's claims are not currently cognizable under 42 U.S.C. § 1983, his claims are dismissed with prejudice to their being asserted again until the conditions in Heck are met. See Cook v. City of Tyler, Tex., 974 F.3d 537, 539 (5th Cir. 2020) (explaining that "[a] preferred order of dismissal would read: Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met") (quoting Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996)).

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint filed by Johndrick Plumber (Docket Entry No. 1) is **DISMISSED with prejudice.**

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order to the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 15th day of March, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE